GEORGE A. YUHAS (CA STATE BAR NO. 78678)
SARAH C. MARRIOTT (CA STATE BAR NO. 241301)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   202-339-5759

Attorneys for Plaintiff
FARNAM COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARNAM COMPANIES, INC.<br><br>             Plaintiff,<br><br>       v.<br><br>DURVET, INC.<br><br>             Defendant. | CASE NO.  C 07 5367 CRB<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

OHS West:260305784.1

COMPLAINT

Plaintiff, Farnam Companies, Inc., for its complaint against Durvet, Inc., alleges as follows:

## I.

## PARTIES

1. Plaintiff Farnam Companies, Inc. ("Farnam") is an Arizona corporation with its principal place of business at 301 W. Osborn Road, Phoenix, Arizona 85013.

2. Upon information and belief, Defendant Durvet, Inc. ("Durvet") is a Missouri corporation with offices at 100 S.E. Magellan Drive, Blue Springs, Missouri 64014.

## II.

## JURISDICTION AND VENUE

3. This is an action for trade dress infringement, unfair competition, and false designation of origin arising under the federal Lanham Act, 15 U.S.C. §§ 1051, 1125(a), for unfair competition arising under the common law of the State of California, and for violation of California Business & Professions Code Section 17200.

4. This Court has jurisdiction over Farnam's federal claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. This Court has jurisdiction over Farnam's related state and common law claims under 28 U.S.C. §§ 1338 and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391. Some of the claims asserted herein arose in this District and on information and belief Durvet conducts business in this District.

## III.

## FARNAM'S ADAMS TRADE DRESS

6. Farnam manufactures and sells a variety of animal health products, including a family of flea and tick products marketed and sold under the "Adams" brand name.

7. The trade dress of the Adams family of products consists of: a plastic bottle colored a distinctive shade of blue, having a blue label with the name of the product in white type, a red banner with white type describing the product, and a picture of a dog and/or a cat (the "Adams Trade Dress").

OHS West:260305784.1                                - 1 -

COMPLAINT

8. Among the products manufactured and sold by Farnam under the Adams Trade Dress is a flea and tick spray called Adams Flea and Tick Mist (the "Adams Mist Product"). The Adams Mist Product has a red and white trigger spray top. The label of the Adams Mist Product depicts a dog and a cat together on either the top or bottom corner of the label.

9. Farnam and its predecessors in interest have employed the Adams Trade Dress continuously and exclusively since at least 1976.

10. Upon information and belief, apart from the acts complained of herein, no other competing flea and tick spray products employ trade dress that is a colorable imitation or is confusingly similar to the Adams Trade Dress.

11. The Adams family of products is marketed and sold throughout the United States through a variety of trade channels, including to veterinarians, pet specialty stores, pet superstores, pet product distributors, pet product retailers/dealers, internet and mail order, and mass merchandisers.

12. Farnam and its predecessors in interest have invested substantial sums in advertising the Adams family of products, and virtually all such advertising features the Adams Trade Dress.

13. Through Farnam's (and its predecessors') long, continuous and exclusive use and advertisement of the Adams Trade Dress in connection with the Adams family of products, and because said products, including the Adams Mist Product, have an excellent reputation for quality, the Adams Trade Dress has become a strong indicator of the source of high-quality flea and tick products made and sold exclusively by Farnam.

14. Upon information and belief, purchasers and users of flea and tick products recognize the Adams Trade Dress as a brand of a particular producer of high quality flea and tick products, and such purchasers and users rely on the Adams Trade Dress to identify and distinguish the source of the Adams family of products, including the Adams Mist Product from the source of flea and tick products manufactured and sold by others.

15. The Adams Trade Dress is a trademark owned exclusively by Farnam, which is distinctive and nonfunctional, and symbolizes Farnam's vast and valuable goodwill and

reputation for quality.

**DURVET'S INFRINGING ACTIVITY**

16. Upon information and belief, Durvet is a manufacturer and seller of a variety of animal supplies and products, including flea and tick products.

17. Upon information and belief, Durvet, in common with the rest of the trade and relevant public, is well aware of the Adams Trade Dress, and of the goodwill symbolized thereby.

18. Upon information and belief, Durvet recently began distributing in interstate commerce, a flea and tick spray product called No-Bite Flea and Tick Mist (the "No-Bite Mist Product") in a container which closely simulates and copies the Adams Trade Dress as embodied in the Adams Mist Product.

19. The No-Bite Mist Product is being offered in a blue plastic bottle, almost identical in color to the unique blue bottle which comprises part of the Adams Trade Dress; with the name of the product appearing in white type on a yellow label; having a white trigger spray; having a red banner on the label with white type describing the product; and depicting a dog and a cat together on the bottom corner of the label.

20. Upon information and belief, the No-Bite Mist Product is sold through a variety of trade channels, including pet specialty stores, pet superstores, pet product retailers/dealers, internet and mail order, and mass merchandisers.

21. Upon information and belief, the No-Bite Mist Product is targeted for purchase and use by the same customers as purchase and use the Adams family of products, including the Adams Mist Product.

22. Upon information and belief, Durvet's imitation of the Adams Trade Dress for its No-Bite Mist Product is intended to and is likely to cause confusion, mistake and deception of purchasers and users, and cause them to believe that the No-Bite Product is the Adams Mist Product, or emanates from the same source as the Adams family of products, or is authorized, sponsored, or approved by Farnam, or is otherwise affiliated or connected with Farnam.

23. Upon information and belief, the Adams Mist Product is a higher quality, more effective product than the No-Bite Mist Product.

24. The container of the No-Bite Mist Product, in a blue plastic bottle, very similar in color to the Adams Mist Product bottle, with a similar white trigger spray top and with a label depicting a dog and cat on the bottom corner and containing a red banner on the label with white type describing the product, is such that an ordinary observer, giving such attention as the purchasers and users of such products ordinarily give, is likely to be deceived, inducing him to purchase or use the No-Bite Mist Product believing it to be the Adams Mist Product or a member of the Adams family of products.

### FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement and Unfair Competition Under Section 43(a) of the Lanham Act)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Durvet's conduct constitutes trade dress infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

27. Upon information and belief, Durvet is willfully infringing Farnam's Adams Trade Dress, with the intent to confuse and deceive purchasers and users of the Adams Mist Product.

28. Durvet's activities as described here have caused and are likely to cause irreparable harm to Farnam, and to the substantial goodwill represented by the Adams Trade Dress, and said acts will continue unless restrained by this Court.

29. Farnam has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (Unfair Competition Under the Common Law of The State of California)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

31. Durvet's conduct constitutes unfair competition in violation of the common law of the State of California.

32. Upon information and belief, Durvet is willfully infringing Farnam's Adams Trade Dress, with the intent to confuse and deceive purchasers and users of the Adams Mist Product.

33. Durvet's activities as described here have caused and are likely to cause irreparable harm to Farnam, and to the substantial goodwill represented by the Adams Trade Dress, and said acts will continue unless restrained by this Court.

34. Farnam has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Violation of California Business & Professions Code Section 17200

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

36. Durvet's conduct constitutes unfair, unlawful and misleading business practice in violation of California Business & Professions Code Section 17200.

### PRAYER

WHEREFORE, Farnam prays for judgment:

1. Preliminarily and permanently enjoining Durvet, its officers and directors, employees, agents, representatives, successors and assigns, and all persons or entities acting in concert or in participation with it, from manufacturing, distributing, selling, offering for sale, advertising or promoting: (a) the No-Bite Mist Product in the trade dress described; and (b) any flea and tick product which simulates or is confusingly similar to the Adams Trade Dress.

2. Directing Durvet to recall from any and all channels of trade or distribution, all products, advertising and promotional material distributed by Durvet which bears or constitutes the infringing trade dress.

3. Directing Durvet to deliver up for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all merchandise, packaging, advertising or other material in its possession which bears or constitutes the infringing trade dress.

4. Directing Durvet to file with the Court and serve on counsel for Farnam, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a).

5. Directing Durvet to account to Farnam for its profits arising from the

1  conduct complained of herein, and ordering that Farnam recover its damages arising from such
2  conduct and a sum equal to three times the actual damages suffered by Farnam by reason of
3  Durvet's willful and intentional infringement, pursuant to 15 U.S.C. § 1117(a) and (b).

4        6.      Pursuant to 15 U.S.C. § 1117(a), awarding Farnam its reasonable
5  attorneys' fees together with the costs and disbursements incurred in this action, as a result of
6  Durvet's willful infringement.

7        7.      Awarding Farnam such other and further relief as this Court may deem just
8  under the circumstances.

DATED: October 19, 2007

Respectfully submitted,

GEORGE YUHAS
SARAH MARRIOTT
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Sarah C. Marriott
Attorneys for Plaintiff
Farnam Companies, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Farnam Companies, Inc. demands a trial by jury of all issues so triable.

Dated: October 19, 2007

Respectfully submitted,

GEORGE YUHAS
SARAH MARRIOTT
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Sarah C. Marriott
Attorneys for Plaintiff
Farnam Companies, Inc.