BLACKWELL SANDERS LLP
MICHAEL R. ANNIS (admitted *pro hac vice*)
720 Olive Street, 24th Floor
St. Louis, MO 63101
Telephone: (314) 345-6000
Facsimile: (314) 345-6060
E-mail: mannis@blackwellsanders.com

WILLIAM B. KIRCHER (admitted *pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8160
Facsimile: (816) 983-8080
E-mail: wkircher@blackwellsanders.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
NEIL A. SMITH, Cal. Bar No. 63777
NATHANIEL BRUNO, Cal. Bar No. 228118
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: nsmith@sheppardmullin.com
E-mail: nbruno@sheppardmullin.com

Attorneys for Defendant
DURVET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARNAM COMPANIES, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>DURVET, INC.,<br><br>    Defendant. | Case No. C 07 5367 CRB<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES<br><br>AND<br><br>DEMAND FOR JURY TRIAL<br><br>Honorable Charles R. Breyer<br>United States District Judge<br><br>Complaint Filed: October 19, 2007<br>Trial Date: TBD |

Defendant, Durvet, Inc. ("Durvet"), for its answer to the Complaint of Farnam Companies, Inc. ("FCI" or "Plaintiff"), alleges as follows:

## I.

## PARTIES

1. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and accordingly denies the same.

2. Durvet admits that it is a Missouri corporation with offices in Blue Springs, Missouri. Except as so expressly admitted, Durvet denies the allegations of paragraph 2.

## II.

## JURISDICTION AND VENUE

3. Durvet admits that the above-styled action is one for unfair competition and designation of false origin under the Lanham Act, for unfair competition arising under California common law, and for alleged violations of the California Business & Professional Code Section 17200, but specifically denies that Plaintiff is entitled to any of the relief sought herein.

4. Durvet admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338. Accept as so expressly admitted, Durvet denies the remaining allegations of paragraph 4.

5. Durvet admits that it conducts business in the Northern District of California, but denies all remaining allegations of paragraph 5.

## III.

## FARNAM'S ALLEGED ADAMS TRADE DRESS

6. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and accordingly denies the same.

7. Durvet denies that Plaintiff has acquired any enforceable trade dress rights as described in paragraph 7. However, as to the elements of trade dress claimed by Plaintiff, Durvet is without information sufficient to form a belief as to the truth of these allegations, and

accordingly denies the same. Except as so expressly admitted, Durvet denies the allegations of paragraph 7.

8. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and accordingly denies the same.

9. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and accordingly denies the same.

10. Certain of the allegations contained in paragraph 10 are contentions of law, not statements of facts, and, accordingly, no response is required to the same. However, Durvet denies that any of its packaging could be "a colorable imitation" of or "confusingly similar" to the alleged "Adams Trade Dress." Durvet is without information sufficient to form a belief as to the remaining allegations contained in paragraph 10, and accordingly denies the same.

11. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and accordingly denies the same.

12. Durvet is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and accordingly denies the same.

13. Denied.

14. Denied.

15. Denied.

## DURVET'S ALLEGED INFRINGING ACTIVITY

16. Admitted.

17. To the extent that the allegations contained in paragraph 17 are contentions of law, not statements of fact, no response is required to the same. To the extent that any of the allegations in paragraph 17 could be considered statements of fact, said statements are denied.

18. Durvet admits that it has sold a flea and tick spray under the trademark NO-BITE FLEA AND TICK MIST. Durvet denies the remaining allegations of paragraph 18.

19. Durvet admits that its NO-BITE FLEA AND TICK MIST branded product is offered in a plastic bottle with a blue hue, with a trigger spray top. Durvet denies that Plaintiff is

1  entitled to any protectable rights in the so-called "Adams Trade Dress," and that any of the
2  packaging utilized by Durvet for its NO-BITE FLEA AND TICK MIST branded product is
3  "almost identical" to any of Plaintiff's packaging or claimed trade dress. Except as so expressly
4  admitted, Durvet denies the allegations of paragraph 19.

20.  Durvet admits that its NO-BITE FLEA AND TICK MIST branded product is sold through a variety of trade channels which include pet specialty stores. Except as so expressly admitted, Durvet denies the allegations of paragraph 20.

21.  To the extent that the allegations of paragraph 21 are contentions of law, not statements of fact, no answer is required. To the extent the Court determines that any of the allegations of paragraph 20 are statements of fact, said allegations are denied.

22.  Denied.

23.  Denied.

24.  Durvet denies the allegations in paragraph 24 including any allegation that Plaintiff has any protectable rights in its alleged "trade dress" or packaging.

## FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement and Unfair Competition Under Section 43(a) of the Lanham Act)

25.  Durvet incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26.  Denied

27.  Denied

28.  Denied.

29.  Denied.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Under the Common Law of The State of California)

30.  Durvet incorporates by reference its responses to the allegations contained in 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

31.  Denied.

32. Denied.

33. Denied.

34. Denied.

### THIRD CLAIM FOR RELIEF
(Violation of California Business &
Professions Code Section 17200)

35. Durvet incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

36. Denied.

### AFFIRMATIVE DEFENSES APPLICATION TO ALL COUNTS

**First Affirmative Defense**: As an affirmative defense, Durvet contends that Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff's claims herein are barred by estoppel, laches, acquiesces, and/or unclean hands.

**Third Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff is not entitled to damages or other monetary relief with respect to the trade dress claims at issue for activities that occurred prior to the time Plaintiff provided actual notice to Durvet as required by the Lanham Act.

**Fourth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff is not entitled to damages or other monetary relief with respect to the "trade dress" claims at issue for any activity due to the absence of proof of actual consumer confusion or willfulness.

**Fifth Affirmative Defense**: As an affirmative defense, Durvet states that the designations, designs and/or practices used by Plaintiff and claimed to be its "trade dress" are esthetic, functional, generic, descriptive, lack any acquired distinctiveness, are void of "trademark" significance, and/or fail to function as an identifier of the source or origin of Plaintiff's products and, therefore, cannot be protected under the Lanham Act or common law.

**Sixth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff has not acquired a "family" of trade dress for the packaging of its various products.

**Seventh Affirmative Defense**: As an affirmative defense, Durvet states that there is pervasive third-party use of the various packaging elements claimed by Plaintiff as its "trade dress" and, as such, Plaintiff cannot, as a matter of law, have any protectable interest in the putative trade dress elements or any combination, or part, thereof.

**Eighth Affirmative Defense**: As an affirmative defense, Durvet states that the designations, designs and/or business practices of Plaintiff claimed to be its "trade dress" are not inherently distinctive and have not acquired distinctiveness and, therefore, cannot be protectable under the Lanham Act or common law.

**Ninth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff has no protectable right in and to the designations, designs and/or business practices claimed by Plaintiff to be its "trade dress."

**Tenth Affirmative Defense**: As an affirmative defense, Durvet states that there is no likelihood of confusion between Plaintiff's purported "trade dress" and Durvet's packaging, particularly for its NO-BITE!-branded flea and tick mist product.

**Eleventh Affirmative Defense**: As an affirmative defense, Durvet states that there has been no actual confusion between Plaintiff's purported "trade dress" and/or packaging with Durvet's packaging and, thus, there has been no injury to consumers or to Plaintiff resulting from Durvet's conduct.

**Twelfth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff's purported "trade dress" and/or the claimed elements thereof are functional and, therefore, cannot be protectable under the Lanham Act or common law.

**Thirteenth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff's purported "trade dress" and/or the claimed elements thereof are aesthetically functional and, therefore, cannot be protectable under the Lanham Act or common law.

**Fourteenth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff's purported "trade dress" and/or the claimed elements thereof are collectively and/or

independently merely decorative and, therefore, cannot be protectable under the Lanham Act or common law.

**Fifteenth Affirmative Defense**: As an affirmative defense, Durvet states that, to the extent that Plaintiff has any rights in and to its claimed "trade dress," that Durvet's use of packaging elements for its products, including the packaging for it NO-BITE!-branded flea and tick mist product, amounts to fair use.

**Sixteenth Affirmative Defense**: As an affirmative defense, Durvet states that the element making up Plaintiff's claimed "trade dress," either collectively or independently, amount to mere decoration and/or ornamentation, and as such do not act, individually or collectively, as source identification.

**Seventeenth Affirmative Defense**: As an affirmative defense, Durvet states that Plaintiff's claims under California Business & Professionals Code Section 17200 is barred, in whole or in part, by laches, estopple, equitable estoppel and/or the applicable statute of limitations in that Durvet has utilized blue packaging on its various veterinary products since as early as 1996.

WHEREFORE, Durvet, Inc. prays for the following relief:

(a)     that the Court dismiss with prejudice the Complaint for Declaratory and Injunctive Relief and Damages of Plaintiff;

(b)     that judgment be entered in favor of Durvet and against Plaintiff in this cause;

(c)     that the Court declare that Plaintiff has no protectable interest in its alleged trade dress elements or any combination, or part, thereof;

(d)     that the Court award Durvet its costs, expenses and attorneys' fees incurred in the defense of this action; and

(e)     for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Durvet, Inc. requests trial by jury of all claims so triable.

Dated this 12th day of December, 2007.

Respectfully submitted,

/s/ Nathaniel Bruno

BLACKWELL SANDERS LLP
Michael R. Annis
William B. Kircher

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Neil A. Smith
Nathaniel Bruno

Attorneys for Defendant
DURVET, INC.